FILED

2009 JUL 27  PM 3: 87

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

1  **FITCH, EVEN, TABIN & FLANNERY**
Edward W. Gray, Jr. (California Bar No. 80996)
2  One Lafayette Centre
1120 20th Street, NW
3  Washington, DC  20036
Telephone: (202) 419-7000
4

5  **FITCH, EVEN, TABIN & FLANNERY**
6  Scott J. Menghini (California Bar No. 199216)
9330 Scranton Road
7  Suite 350
San Diego, California 92121
8  Telephone: (858) 552-1311

9
Attorneys for Defendants
10  BET NETWORKS (A DIVISION OF VIACOM, INC.), et al.

11

12

13                **IN THE UNITED STATES DISTRICT COURT**
              **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**
14

15

16  FRAN S. BROOKS,                      )
                                         )
17                                       )
        Plaintiff                        )   Civil Action No. 09 CV 0634 JAH (AJB)
18                                       )
                                         )
19  v.                                   )
                                         )
20  BET NETWORKS (A DIVISION OF          )   **STIPULATED PROTECTIVE ORDER**
    VIACOM, INC.), 3 ARTS                )
21  ENTERTAINMENT, INC., AND             )
    FRANZKE ENTERTAINMENT, INC.,         )
22                                       )
                                         )
23        Defendants.                    )
                                         )
24                                       )

25

26

27

28

                          Case No. 09 CV 0634 JAH (AJB)

1    The Court recognizes that at least some of the documents and information ("materials")

2  being sought through discovery in the above-captioned action are, for competitive reasons,

3  normally kept confidential by the parties. The parties have agreed to be bound by the terms of

4  this Stipulated Protective Order ("Order") in this action and hereby petition the court to enter

5  the following Order.

6    The materials to be exchanged throughout the course of the litigation between the

7  parties, including but not limited to the exchange of information discussed and agreed upon at

8  the Court's July 1, 2009 Early Neutral Evaluation Conference, may contain trade secret or other

9  confidential research, technical, cost, price, marketing or other commercial information, as is

10  contemplated by Federal Rule of Civil Procedure 26(c)(7). The purpose of this Order is to

11  protect the confidentiality of such materials as much as practical during the litigation.

12  THEREFORE:

13                                    DEFINITIONS

14    1.    The term "Confidential Information" shall mean and include information

15  contained or disclosed in any materials, including documents, portions of documents, answers

16  to interrogatories, responses to requests for admissions, trial testimony, deposition testimony,

17  and transcripts of trial testimony and depositions, including data, summaries, and compilations

18  derived therefrom that is deemed to be Confidential Information by any party to which it

19  belongs.

20    2.    The term "materials" shall include, but shall not be limited to: documents;

21  correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other

22  material that identify customers or potential customers; price lists or schedules or other matter

23  identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts;

24  invoices; drafts; books of account; worksheets; notes of conversations; desk diaries;

25  appointment books; expense accounts; recordings; photographs; motion pictures; compilations

26  from which information can be obtained and translated into reasonably usable form through

27  detection devices; sketches; drawings; notes (including laboratory notebooks and records);

28

Case No. 09 CV 0634 JAH (AJB)

reports; instructions; disclosures; other writings; models and prototypes and other physical objects; phonorecords; computer e-mail and other data compilations from which information can be obtained and translated into reasonable usable form; The word "materials" also means any writing, recorded matter of every kind or description, however produced or reproduced, whether draft of final, original or reproduction; tape recordings; electronic file notes and correspondence; and disk or other magnetic storage device to enable the reading or translation of data.

   3.  The term "counsel" shall mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below:

Fitch, Even, Tabin & Flannery

Hansen, Jacobson, Teller, Hoberman, Newman, Warren & Richman, L.L.P.

&

Law Offices of Doc Anthony Anderson III

"Counsel" shall also include Donna Cooper, in-house attorney for Defendant BET Networks, a division of Viacom, Inc.

### **GENERAL RULES**

   4.  Each party to this litigation that produces or discloses any materials as defined above, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

   a.  Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party.

   b.  Designation as "CONFIDENTIAL -FOR COUNSEL ONLY": Any party may designate information as "CONFIDENTIAL - FOR COUNSEL ONLY" only if,

Case No. 09 CV 0634 JAH (AJB)

in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial or other commercial information.

5.    In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced shall be considered as "CONFIDENTIAL - FOR COUNSEL ONLY," and shall be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party shall, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain Confidential Information with the appropriate confidentiality marking.

6.    Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

a.    said deposition or portions thereof shall be designated as containing Confidential Information subject to the provisions of this Order; such designation shall be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party shall have until fifteen (15) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript designated "CONFIDENTIAL" or "CONFIDENTIAL FOR COUNSEL ONLY;"

b.    the disclosing party shall have the right to exclude from attendance at said deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 8 below; and

Case No. 09 CV 0634 JAH (AJB)

4

c.    the originals of said deposition transcripts and all copies thereof shall bear the legend "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing shall not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

7.    All Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" shall not be disclosed by the receiving party to anyone other than those persons designated herein and shall be handled in the manner set forth below and, in any event, shall not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

8.    Information designated "CONFIDENTIAL - FOR COUNSEL ONLY" shall be viewed only by counsel (as defined in paragraph 3) of the receiving party, and by independent experts under the conditions set forth in this Paragraph. The right of any independent expert to receive any Confidential Information shall be subject to the advance approval of such expert by the producing party or by permission of the Court. The party seeking approval of an independent expert shall provide the producing party with the name and curriculum vitae of the proposed independent expert, and an executed copy of the form attached hereto as Exhibit A, in advance of providing any Confidential Information of the producing party to the expert. Any objection by the producing party to an independent expert receiving Confidential Information must be made in writing within fourteen (14) days following receipt of the identification of the proposed expert. Confidential Information may be disclosed to an independent expert if the fourteen (14) day period has passed and no objection has been made. The approval of independent experts shall not be unreasonably withheld.

9.    Information designated "CONFIDENTIAL" shall be viewed only by counsel (as defined in paragraph 3) of the receiving party, by independent experts (pursuant to the terms of

Case No. 09 CV 0634 JAH (AJB)

paragraph 8), and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms:

    a.    Executives who are required to participate in policy decisions with reference to this action;

    b.    Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action; and

    c.    Stenographic and clerical employees associated with the individuals identified above.

10.    With respect to material designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy thereof, may be shown the same.

11.    All information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL -FOR COUNSEL ONLY" by the producing or disclosing party, and any and all reproductions thereof, shall be retained in the custody of the counsel for the receiving party identified in paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

12.    Nothing will be accepted for filing under seal with the Court without separate prior order by the judge before whom the hearing or proceeding will take place. Such order must be sought by ex parte application by the affected party with appropriate notice to opposing counsel.

13.    At any stage of these proceedings, any party may object to a designation of the materials as Confidential Information. The party objecting to confidentiality shall notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) business days of receipt of such a notice of objections, the objecting party may move the Court

Case No. 09 CV 0634 JAH (AJB)

1  for a ruling on the objection. The materials at issue shall be treated as Confidential Information,

2  as designated by the designating party, until the Court has ruled on the objection or the matter

3  has been otherwise resolved.

4      14.    All Confidential Information shall be held in confidence by those inspecting or

5  receiving it, and shall be used only for purposes of this action. Counsel for each party, and each

6  person receiving Confidential Information, shall take reasonable precautions to prevent the

7  unauthorized or inadvertent disclosure of such information. If Confidential Information is

8  disclosed to any person other than a person authorized by this Order, the party responsible for

9  the unauthorized disclosure must immediately bring all pertinent facts relating to the

10  unauthorized disclosure to the attention of the other parties and, without prejudice to any rights

11  and remedies of the other parties, make every effort to prevent further disclosure by the party

12  and by the person(s) receiving the unauthorized disclosure.

13      15.    No party shall be responsible to another party for disclosure of Confidential

14  Information under this Order if the information in question is not labeled or otherwise identified

15  as such in accordance with this Order.

16      16.    If a party, through inadvertence, produces any Confidential Information without

17  labeling or marking or otherwise designating it as such in accordance with this Order, the

18  designating party may give written notice to the receiving party that the document or thing

19  produced is deemed Confidential Information, and that the document or thing produced should

20  be treated as such in accordance with that designation under this Order. The receiving party

21  must treat the materials as confidential, once the designating party so notifies the receiving

22  party. If the receiving party has disclosed the materials before receiving the designation, the

23  receiving party must notify the designating party in writing of each such disclosure. Counsel for

24  the parties shall agree on a mutually acceptable manner of labeling or marking the inadvertently

25  produced materials as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" -

26  SUBJECT TO PROTECTIVE ORDER.

27

28

Case No. 09 CV 0634 JAH (AJB)

17.     Nothing herein shall prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

18.     Nothing in this Order shall bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information shall not be disclosed.

19.     This Order shall be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order shall not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

20.     Nothing herein shall be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

21.     Upon final termination of this action, including any and all appeals, counsel for each party shall, upon request of the producing party, return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries thereof, or shall destroy same at the option of the receiving party, and shall purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

22.     The restrictions and obligations set forth herein shall not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court

Case No. 09 CV 0634 JAH (AJB)

1  rules, has become public knowledge other than as a result of disclosure by the receiving party,

2  its employees, or its agents in violation of this Order; or (d) has come or shall come into the

3  receiving party's legitimate knowledge independently of the production by the designating

4  party. Prior knowledge must be established by pre-production documentation.

5       23.    The restrictions and obligations herein shall not be deemed to prohibit

6  discussions of any Confidential Information with anyone if that person already has or obtains

7  legitimate possession thereof.

8       24.    Transmission by facsimile or email is acceptable for all notification purposes

9  herein.

10       25.    This Order may be modified by agreement of the parties, subject to approval by

11  the Court.

12       26.    The Court may modify the terms and conditions of this Order for good cause, or

13  in the interest of justice, or on its own order at any time in these proceedings. The parties prefer

14  that the Court provide them with notice of the Court's intent to modify the Order and the content

15  of those modifications, prior to entry of such an order.

16       27.    The party receiving "CONFIDENTIAL" or "CONFIDENTIAL -FOR

17  COUNSEL ONLY" only material will handle copies of said material as follows:

18       a.    Any copies of the confidential material or portion thereof must be recorded in a

19           copy log;

20       b.    Each such copy must be identified in the copy log by:

21           (i) a copy number;

22           (ii) the date the copy was made; and

23           (iii) the person to whom the copy was provided;

24       c.    Each such copy will be physically marked with the document number and copy

25           number. The copy log will be provided to the producing party upon the return

26           and/or at the time of destruction of the confidential materials pursuant to the

27           Order.

28

Case No. 09 CV 0634 JAH (AJB)

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3    DATED: _July 15, 2009_                                   

4                                         Attorney for Plaintiffs

5

6    DATED: _July 15, 2009_                                    

7                                         Attorney for Defendants

8

9    PURSUANT TO STIPULATION, IT IS SO ORDERED

10

11    DATED: _7/24/09_                                    

12                                         Hon. Anthony J. Battaglia

13                                         U.S. Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                   Case No. 09 CV 0634 JAH (AJB)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

Case No. 09 CV 0634 JAH (AJB)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| FRAN S. BROOKS, | ) | |
| | ) | |
| Plaintiff | ) | Civil Action No. 09 CV 0634 JAH (AJB) |
| | ) | |
| v. | ) | |
| | ) | |
| BET NETWORKS (A DIVISION OF | ) | **AGREEMENT TO BE BOUND BY** |
| VIACOM, INC.), 3 ARTS | ) | **STIPULATED PROTECTIVE ORDER** |
| ENTERTAINMENT, INC., AND | ) | |
| FRANZKE ENTERTAINMENT, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

I, _____ , declare and say that:

1.    I am employed as _____

by _____.

2.    I have read the Stipulated Protective Order entered in Brooks v. BET Networks, et al., Case No. 09 CV 0634 JAH (AJB), and have received a copy of the Stipulated Protective Order.

3.    I promise that I will use any and all "Confidential" or "Confidential - For Counsel Only" information, as defined in the Stipulated Protective Order, given to me only in a manner authorized by the Stipulated Protective Order, and only to assist counsel in the litigation of this matter.

4.    I promise that I will not disclose or discuss such "Confidential" or "Confidential - For Counsel Only" information with anyone other than the persons described in paragraphs 3, 8 and 9 of the Stipulated Protective Order.

Case No. 09 CV 0634 JAH (AJB)

12

1    5.    I acknowledge that, by signing this agreement, I am subjecting myself to the

2  jurisdiction of the United States District Court for the Southern District of California with

3  respect to enforcement of the Stipulated Protective Order.

4    6.    I understand that any disclosure or use of "Confidential" or "Confidential - For

5  Counsel Only" information in any manner contrary to the provisions of the Stipulated Protective

6  Order may subject me to sanctions for contempt of court. I declare under penalty of perjury that

7  the foregoing is true and correct.

8

9  Date: _____

10

11

12                                   _____

13                                   City and State where sworn and signed

14

15                                   _____

16                                   Printed Name

17                                   _____

18                                   Signature

19

20

21

22

23

24

25

26

27

28